IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FEDERATED RURAL ELECTRIC
MANAGEMENT CORP., SUBROGEE
TO CONSOLIDATED ELECTRIC
COOPERATIVE, INC.,

      Plaintiff,

           v.

Civil Action 2:19-cv-3049
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

ELECTRO SWITCH CORPORATION, *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion of Defendant, Electric Power Systems International, Inc. d/b/a Electric Power Systems, to Quash.  (ECF No. 72.)  In the Motion, Defendant Electric Power Systems International, Inc. d/b/a Electric Power Systems ("EPS") moves the Court "to quash and/or modify the subpoenas issued by Plaintiff to David Tempest and Tommy A. Smith in this matter."  (*Id.*)  For the following reasons, Defendant EPS' Motion is **DENIED**.

Federal Rule of Civil Procedure 45(d)(3) sets forth the Court's authority to quash or modify subpoenas, and states in relevant part:

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;

>> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
>> (iii) requires disclosure of privilege or other protected matter, if no exception or waiver applies; or
>
>> (iv) subjects a person to undue burden.
>
> (B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
>> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>
>> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3)(A)-(B). Accordingly, the applicable provisions of Rule 45(d)(3) require "the court for the district where compliance is required" to quash or modify a subpoena. *Id.*; see also *Kent State Univ. v. roundCorner, Inc.*, No. 5:17CV1632, 2018 WL 3242309, at *1 (N.D. Ohio May 4, 2018). "Courts have interpreted this rule to deprive all courts, with the sole exception of the court where compliance is required, of jurisdiction to resolve the motion to quash." *Singler v. ConAgra Foods, Inc.*, No. 1:18-CV-271, 2020 WL 4705268, at *1 (S.D. Ohio Aug. 13, 2020) (internal citations omitted).

Here, compliance with the subject subpoenas is required in Indianapolis, Indiana, which is not within this judicial district. (*See* ECF No. 72-1.) Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). That has not occurred here. For these reasons, this Court cannot "quash and/or modify the subpoenas issued by Plaintiff to David


Tempest and Tommy A. Smith in this matter," as Defendant EPS requests.[1]  (ECF No. 72.)

Defendant EPS' Motion (ECF No. 72) is, therefore, **DENIED**.

    **IT IS SO ORDERED.**

**Date: June 14, 2021**　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[1] As a result, the Court needs not, and will not, address any of the other arguments in the underlying briefing.